JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Howard Julien, M.D.

**(b)** County of Residence of First Listed Plaintiff   Hudson County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rebecca Price/ Norris McLaughlin, PA, 515 West
Hamilton Street, Allentown, PA 18101

## DEFENDANTS

Honorable Denis Richard McDonough as Acting Secretary of Veterans Affairs

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | |
| | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331, Bivens v. Six Unknown Names Agents of FBI 403US388

Brief description of cause:
Seeking injunction to prevent VA from releasing NPDB Report

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE
November 18, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/Rebecca Price

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOWARD JULIEN, M.D., | (Electronically Filed) |
| Plaintiff, | |
| v. | Civil Case No.: |
| Honorable Denis Richard McDonough as Acting Secretary of Veterans Affairs, | **COMPLAINT** |
| Defendant. | |

Plaintiff, Howard Julien, M.D. ("Julien" or the "Plaintiff"), as and for its Complaint against Defendant, Honorable Denis Richard McDonough as Acting Secretary of Veterans Affairs (the "Board" or the "Defendant") by and through its undersigned counsel, alleges:

## NATURE OF ACTION

1.      The Plaintiff is a licensed medical doctor who previously worked as an attending physician at the Philadelphia VA Medical Center in Philadelphia, Pennsylvania (the "VAMC").

2.      On or about June 30, 2018, a veteran (the "Veteran") presented to the Emergency Department of the VAMC with fever and hemoptysis.  Notably, the Veteran did not complain of chest pain upon presentation.

3.      Despite Plaintiff providing the Veteran with the highest level of care, the Veteran unfortunately died.

4.      Ultimately, the VAMC settled a medical malpractice claim filed by the Veteran's estate.

5.      Subsequently, Plaintiff left the employ of VAMC.

6.      Thereafter, the VAMC Review Panel determined that Plaintiff was solely at fault for the Veteran's death, ignoring evidence and testimony provided by Plaintiff.

7.    Defendant has threatened to imminently file an unfavorable report of its determination to the National Practitioner Data Bank (the "NPDB").

8.    This action is contrary to the facts of the case, law and regulation, and will cause permanent harm to the Plaintiff.

9.    The Plaintiff therefore seeks an order enjoining Defendant from filing an NPDB report.

## JURISDICTION AND VENUE

10.    Plaintiff asserts a claim for the violation of Plaintiff's constitutional rights secured by the Fifth Amendment, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. § 1331 pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

11.    Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

12.    Plaintiff is a board-certified medical doctor.

13.    The United States Department of Veterans Affairs ("VA") is a federal agency, which owns and operates medical facilities throughout the United States. Upon information and belief, Defendant, the Honorable Denis Richard McDonough is the Acting Secretary of the Department of Veterans Affairs and is responsible for the rulemaking and administration of the Department. He is sued herein in his official capacity only.

## FACTS

14.    On or about August 2, 2016, Plaintiff began employment for the United States Department of Veterans Affairs (the "VA").

15.    As of June 2018, Plaintiffs was employed as an attending physician at the VAMC.

16.    On or about June 30, 2018, the Veteran was admitted to the VAMC emergency department complaining of cough, dyspnea, hemoptysis, lower extremity edema, and weakness.

17.    The Veteran did not complain of chest pain on the day in question.

18.    Upon being notified of the Veteran's conditions and symptoms, Plaintiff coordinated care with the on-call cardiology fellow and appropriately triaged the Veteran to the VAMC Critical Care Unit ("CCU").

19.    Neither Plaintiff nor the on-call cardiology fellow were notified of any change in the Veteran's condition over the night of June 30 to July 1, 2018.

20.    Unfortunately, that night, the Veteran's condition deteriorated and the CCU inserted a central venous catheter and provided medication to treat him.

21.    On the morning of July 1, 2018, while making his rounds in the CCU, Plaintiff recognized the Veteran's deteriorating condition and immediately ordered his transfer to the Hospital at the University of Pennsylvania for a cardiac catheter.

22.    The Veteran was transferred and received the cardiac catheter the same day, July 1, 2018.

23.    Unfortunately, despite Plaintiff's immediate reaction and attempts to get the Veteran the appropriate care, the Veteran passed away.

24.    At some point prior to April 2022, the Veteran's estate levied a claim against the VA.

25.    Plaintiff was not a named Defendant in the lawsuit, and no malpractice claim or suit naming the Plaintiff was ever filed in relation to the death of the Veteran.

26.     Eventually, and without notifying the Plaintiff that any claim had been filed, nor that the VA would be settling, the VA settled the claim for a payment of money.

27.     The settlement did not name the Plaintiff, and did not release him personally from liability in relation to the death of the Veteran.

28.     Under 42 U.S.C.A. § 11131 of the Health Care Quality Improvement Act ("HCQIA") entities are required to report settlements that the entity has made on behalf of individuals, to the NPBD.

29.     38 C.F.R. § 46.3 specifically requires the VA to report to the NPDB, "any payment **for the benefit of a physician**, dentist, or other license health care practitioner which was made as a result of a settlement of judgment of a claim of medical malpractice. The report will identify the physician, dentist, or other licensed health care practitioner for whose benefit the payment is made." (emphasis added).

30.     On information and belief, the VA's practice is to settle claims of malpractice and make payment before convening a review panel to determine for whose benefit the payment would be made.

31.     Pursuant to VHA Handbook 1100.17 paragraph 8i(1), "[p]ayment will be considered to have been made for the benefit of a physician, dentist, or other licensed health care practitioner when the Director, Office of Medical-Legal Affairs, notifies, per subparagraph 8h(1), the Medical Center Director that the conclusion (of at least a majority) of the Review Panel is that payment was related to substandard care, professional incompetence, or professional misconduct on the part of the physician, dentist, or other licensed health care practitioner.

32.     VHA Handbook 1100.17 paragraph 8i(8) further states that "[p]ayments made for claims of malpractice in which the review panel determines that the standard of care was met and

4

there was no professional incompetence or professional misconduct, or which the panel determines are due solely to circumstances beyond the control of the practitioner (including, but not limited to: power failure, accidents unrelated to patient care, drugs mislabeled by the supplier, equipment malfunction, etc.) are not to be reported."

33.    On or about March 28, 2024, VAMC convened a Review Panel, comprised of three individuals to determine the responsible party for any substandard treatment that the Veteran received.

34.    On or about March 11, 2024, unrelated to the Veteran's treatment and ultimate death, Plaintiff let the employ of the VA and began work at another institution in another state.

35.    Plaintiff fully participated in the Review Panel's investigation, even after leaving VA Employment.

36.    Plaintiff provided the Review Panel written and oral evidence to support his contention that he did not provide substandard care to the Veteran.

37.    The VAMC refused to provide further evidence, which was in VAMC's possession, that would have buttressed the Plaintiff's claims and exonerated him.

38.    On March 28, 2024, the Review Panel determined that Plaintiff had provided substandard care to the Veteran.

39.    On information and believe, the Review Panel assigned blame to Plaintiff because Plaintiff had left VA employment and therefore the VA wanted to assign blame to the Plaintiff, rather than to the other VA medical professionals, including the ones who actually treated the Veteran on the night of June 30, 2018.

40.    Thereafter, the Review Panel declined to reconsider its decision.

5

41.     The Review Panel's final conclusions are based on information that is false and which the members of the Review Panel know to be false.

42.     The Review Panel's decision to assign blame to the Plaintiff was unreasonable, arbitrary, and capricious and did not consider the evidence presented by the Plaintiff and other parties.

43.     Subsequently, the Review Panel informed the Plaintiff that the VAMC would be entering a report in the NPDB.

44.     Entry of this report into the NPDB would cause grave damage to the Plaintiff and would severely hamper his ability to find employment in the future and may cause his current employer to terminate him.

45.     Plaintiff will be required to disclose the NPDB report to the state boards of medicine in every state in which he is or will become licensed to practice medicine.

46.     Plaintiff will be required to disclose and defend the VA's NPDB report every time he applies or re-applies for privilege at a medical facility, employment, state medical licenses, or insurance.

47.     Prior to this report, Plaintiff had never been reported to the NPDB.

48.     Defendants knew or should have known that their actions violated the Fifth Amendment to the United States Constitution.

**COUNT I**
**Injunctive Relief**
**(as against all Defendants)**

49.     Plaintiff realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

50.     Plaintiff is highly likely to suffer imminent harm.

51.    If Defendants make a negative report about Plaintiff in the NPDB, Plaintiff will be permanently and irreparably harmed.

52.    Plaintiff may lose his current employment.

53.    Plaintiff will be severely hampered in finding employment in his chosen profession for the rest of his career.

54.    There is no adequate remedy at law which could remunerate Plaintiff for this egregious reputational and professional harm.

55.    Plaintiff is likely to prevail on the merits.

56.    Pursuant to the Fifth Amendment to the United States Constitution, "no person shall be deprived of life, liberty, or property without due process of law."

57.    Pursuant to 5 U.S.C. § 706, agency action may not be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

58.    Defendants here targeted Plaintiff and assigned him the responsibility for the alleged negligence because the Plaintiff had already left the employ of the VA.

59.    The Review Panel thus prejudged the case and determined to find Plaintiff responsible from the outset.

60.    The Review Panel failed to consider the evidence that Plaintiff presented, and instead constructed a report that exonerated all current VA employees, while laying the blame solely on Plaintiff.

61.    Defendants' actions here thus constituted arbitrary and capricious action, in violation of both the Administrative Procedure Act and the Fifth Amendment.

62.    The Defendants will not be harmed by being restrained from filing an NPDB report that is false, and which they know is false.

7

63.    The Plaintiff's hands are clean, whereas the Defendants seek to file a false NPDB report, therefore the equities favor the Plaintiff.

**WHEREFORE**, Howard Julien prays for judgment against Honorable Denis Richard McDonough as Acting Secretary of Veterans Affairs, and requests that this Honorable Court order an Injunction to prevent the Defendants from filing the Report with the NPDB, as well as reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: November 18, 2024

**NORRIS, McLAUGHLIN, PA**
Attorneys for Plaintiff

By:/s/Rebecca Price
Rebecca J. Price, Esquire
Micah Brown, Esquire
515 West Hamilton Street, Suite 502
Allentown, PA 18101
(610) 391 1800 (telephone)
(610) 391 1805 (fax)
*Attorneys for Plaintiff*